1  Thiago M. Coelho, SBN 324715
   thiago@wilshirelawfirm.com
2  Binyamin I. Manoucheri, SBN 336468
3  binyamin@wilshirelawfirm.com
   **WILSHIRE LAW FIRM**
4  3055 Wilshire Blvd., 12th Floor
5  Los Angeles, California 90010
   Telephone: (213) 381-9988
6  Facsimile: (213) 381-9989
7  *Attorneys for Plaintiff and Putative Class*

8  Ian T. Wade, SBN 229150
9  iwade@littler.com
   **LITTLER MENDELSON P.C.**
10 2049 Century Park East 5th Floor
11 Los Angeles, California 90067.3107
   Telephone: (310)553-0308
12 Fax No.: (310)553-5583
13 *Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYO HAK CHU, individually and on behalf all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>L'OREAL USA S/D, INC., a Delaware corporation; L'OREAL USA, INC., a Delaware Corporation d/b/a ATELIER COLOGNE; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO.: 3:21-cv-00471-EMC<br><br><u>CLASS ACTION</u><br><br>Honorable Judge Edward M. Chen<br>Courtroom 5 – 17th Floor<br><br>**JOINT BRIEF AND STIPULATED REQUEST FOR DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(ii)**<br><br>Complaint Filed: January 20, 2021<br>Trial Date:           None Set |

1
STIPULATED REQUEST FOR DISMISSAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## I. INTRODUCTION

Pursuant to the Court's Order, Dkt. 34, Fed. R. Civ. P. 41(a)(1)(A)(ii), and after having reached an individual settlement, Plaintiff KYO HAK CHU (hereinafter "Plaintiff") and Defendants L'OREAL USA S/D, INC. and L'OREAL USA, INC. d/b/a ATELIER COLOGNE (hereinafter "Defendant"), hereby submit this joint brief regarding the *Diaz* factors and stipulate and jointly respectfully submit this request that the Court enter an Order for the following:

(1) Approve the dismissal with prejudice of the named Plaintiff's individual claims set forth in the Complaint. (Dkt. 1);

(2) Approve the dismissal without prejudice of the pending class claims;

(3) And approve the dismissal of the foregoing claims without requiring notice to absent class members.

*See Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989).

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 20, 2021, Plaintiff filed the instant class action. (Dkt. 1). Plaintiff's Complaint alleges that Defendant neglected to have the proper tools in place to ensure that legally blind users of screen-readers could access Defendant's website, https://www.ateliercologne.com/us_en/ (hereinafter "Website"). Thus, Plaintiff and the *putative* class members were denied full and equal access to the Website and the products and services offered through the Website in conjunction with Defendant's brick-and-mortar locations, in violation of Plaintiff's and the *putative* class members' rights under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("UCRA"). Defendant denies Plaintiff's allegations.

On January 26, 2021, the Summons and Complaint were served on Defendant, L'Oreal USA S/D, Inc., after which a proof of service was filed with the Court. (Dkt. 6). February 16, 2021, marked the deadline for Defendant, L'Oreal

USA S/D, to initially file an Answer or otherwise respond to the Complaint.

On July 13, 2021, Plaintiff filed a request for Entry of Default as to Defendant L' Oreal USA S/D., Inc. Default was entered by the clerk on July 15, 2021. (Dkt. 11).

On July 21, 2021, the Summons and Complaint were served on Defendant, L' Oreal USA, Inc., after which a proof of service was filed with the Court. (Dkt 12).

On August 8, 2021, the Parties entered a Stipulation to set aside Clerk's Entries of Default. (Dkt.14). An Order granting the Stipulation to set aside was entered on August 9, 2021. (Dkt. 15).

On August 12, 2021, Defendant filed its Answer to Plaintiff's Complaint. (Dkt. 17).

Plaintiff's and Defendants' (hereinafter jointly "the Parties") counsel began and engaged in an earnest recitation of the facts and meaningful settlement discussions which has resulted in a resolution of the case.

### III. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 23(e), when a class has been certified, "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). However, in the event a class has not been certified, courts "may consider whether to require . . . giving appropriate notice to some or all class members," and "whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members with a reasonable reliance expectation of the maintenance of the action for the protection of their interests." *Lewis v. Vision LLC*, 2012 WL 2930867, *3 (E.D. Cal. 2012); *see also Diaz*, 876 F.2d at 1407 n.3.

To determine whether pre-certification dismissal is appropriate, Courts that require parties to seek judicial approval of the dismissal of pre-certification class actions consider three factors (the "*Diaz* factors") to assess whether absent class

members may be prejudiced.  *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Tombline v. Wells Fargo Bank*, N.A., 2014 WL 5140048 (N.D. Cal. Oct. 10, 2014); *Lyons v. Bank of Am., N.A.*, 2012 WL 5940846 (N.D. Cal. Nov. 27, 2012).  Pursuant to the *Diaz* factors, Courts must consider the following:

1. Is there on the part of Class Members possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances;
2. Is there a lack of adequate time for class members to file other actions because of a rapidly approaching statute of limitations; and
3. Is there any settlement or concession of class interests made by the class representative or counsel in order to further their own interests?

*Lyons*, 2012 WL 5940846, at *1 (citing *Diaz*, 876 F.2d at 1408); *see also Tombline*, 2014 WL 5140048, at *2.  The purpose of a *Diaz* factors review is to assess whether there are unusual circumstances that would necessitate notice to absent class members prior to the dismissal of a class action.  *Diaz*, 876 F.2d at 1408 ("In no pre-certification dismissal would the court reject the dismissal and require anything more than notice to the class and an opportunity to intervene").  Courts also assess whether any potential prejudice arising from these factors might warrant notice to putative class members of the settlement or dismissal.  *See, e.g., Tombline,* 2014 WL 5140048, at *2.

Here, an analysis of the *Diaz* factors confirms that absent class members will suffer no prejudice from the dismissal of this action.  Accordingly, the Court should grant this stipulated request for dismissal as to Plaintiff's individual claims, with prejudice, and without prejudice as to the class claims, without requiring notice to the entire class, including absent class members.

## IV. ARGUMENT

### a. Class Members Will Not be Prejudiced by the Court's Dismissal of this Lawsuit.

#### i. Absent Class Members Have Not Relied on this Action.

The first *Diaz* factor weighs in favor of the Court approving dismissal because it is unlikely that *putative* class members have relied on this action to vindicate their own rights. In evaluating whether potential class members may have relied on an action, courts primarily consider the amount of media attention the case has received. *See, e.g., Lyons*, 2012 WL 5940846, at *2 ("The Court agrees that this apparent lack of media coverage makes it unlikely that similarly situated homeowners knew of Plaintiffs' lawsuit and relied on it for vindication of their own rights."); *Tombline*, 2014 WL 5140048, at *2 ("The danger of reliance is generally limited to actions that would be considered of sufficient public interest to warrant news coverage."); *see also Rodriguez v. Nationwide Mut. Ins. Co.*, 2017 WL 7803796, at *3 (C.D. Cal. Nov. 16, 2017) ("The Parties state that they are 'unaware of any media attention' given to this case . . . . Because it is unlikely that any putative class members have relied on this suit, this factor favors dismissal.").

Here, there is no evidence that unnamed class members relied on this lawsuit at all, much less to their detriment, such that they will be prejudiced by the dismissal. The Parties are unaware of any media coverage regarding the lawsuit and to date, Plaintiff's counsel has not received any communication from any other class members about this case. There is consequently minimal risk that absent potential class members will be prejudiced due to reliance on this action, and the first *Diaz* factor therefore weighs in favor of approving dismissal.

#### ii. Absent Class Members Are Not Hindered by a Rapidly Approaching Statute of Limitations.

The second *Diaz* factor also suggests no prejudice to potential class members, because there is no "rapidly approaching statute of limitations" that could bar such

putative class members' individual claims. *Tombline,* 2014 WL 5140048, at *2. In particular, since "[b]oth federal and California law allow for the tolling of the statute of limitations on an individual claim during the pendency of a class action," there is no undue risk that potential class members' individual claims will be time-barred. *Natan v. Citimortgage, Inc.,* 2016 WL 10837861, at *1 (C.D. Cal. Sept. 21, 2016) (citing *American Pipe Constr. Co. v. Utah*, 414 U.S. 538 (1974) and *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103 (1988)). Courts within the Ninth Circuit have often recognized that these tolling doctrines mitigate concerns about prejudice to absent putative class members when weighing the *Diaz* factors. *See Tombline*, 2014 WL 5140048, at *3 (finding no prejudice where parties "state[d] that the filing of the class action complaint tolled the statute of limitations"); *see also Richards v. Safeway Inc.*, 2015 WL 163393, at *1 (N.D. Cal. Jan. 12, 2015) (approving settlement of individual claims where "the parties … point[ed] out that the statute of limitations has been tolled by plaintiff's suit").

      Here, to the extent any member of the potential class has a viable claim, there is no reason to believe that such claim would be lost as a result of dismissing the named Plaintiff's individual claims. This is because the pendency of this class action tolled the applicable statute of limitations for members of the class. *Dunn*, 2016 WL 153266, at *3 ("For that reason, there is substantially diminished risk of prejudice for those putative class claims"). In this action only Plaintiff's individual claims are being dismissed with prejudice, so that absent class members can make use of *American Pipe* tolling should one of them wish to assert his or her own individual claim. *See American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), and *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54 (1983) ("the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."). Under this rule, if the case is dismissed before certification, as requested here, and an absent class member then

brings his or her own individual claim for the same wrong, then the statute of limitations will be deemed tolled during the pendency of the prior putative class action until the date of dismissal. *See American Pipe & Construction Co.*, 414 U.S. at 561; *see also Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir. 1987).

Accordingly, there is zero risk that absent potential class members will be prejudiced by a rapidly approaching statute of limitation, and the second *Diaz* factor weighs in favor of the Court approving dismissal.

### iii. The Dismissal of the Class Claims Is Without Prejudice so that Neither Plaintiff nor Plaintiff's Counsel Have Conceded Any Class Interests.

Finally, dismissal of this action would not concede or otherwise adversely impact absent potential class members' individual claims, since the Parties request only that the class claims be dismissed without prejudice. *See Rodriguez,* 2017 WL 7803796, at *4 (concluding that where "claims filed on behalf of putative class members will be dismissed without prejudice . . . there is no concession of, or prejudice to, rights of potential class members by dismissal"); *Lyons*, 2012 WL 5940846, at *2 (Finding same). Courts recognize that where, as here, a named plaintiff chooses to settle and dismiss her individual claims with prejudice in order to avoid the risk and uncertainty of continued litigation, there is minimal risk of prejudice to absent putative class members, whose claims remain uncompromised. *See, e.g., Richards*, 2015 WL 163393, at *1 (finding no concession of class interests where "[t]he class claims against the Defendants are being dropped because of the risk and uncertainty of litigation"); *Castro v. Zenith Acquisition Corp.*, 2007 WL 81905, at *2 (N.D. Cal. Jan. 9, 2007).

Here, as the Parties do not seek to dismiss the claims of the unnamed potential class members with prejudice, no rights or claims of the putative class would be compromised by the requested dismissal. Therefore, unnamed class members will not be prejudiced by a dismissal of this action, with prejudice, as to the named

Plaintiff, and a dismissal of this action, without prejudice, as to pending class claims of potential class members. Thus, the third *Diaz* factor weighs in favor of the Court approving dismissal.

### b. It is Not Necessary to Notify Absent Class Members.

The absence of any prejudice to potential class members also renders unnecessary notice to absent potential class members of the dismissal. Courts within the Ninth Circuit have frequently recognized that where, as here, the *Diaz* factors confirm the absence of prejudice, a named plaintiff's claims can be properly dismissed without notice to putative class members. *See*, *e.g.*, *Rodriguez*, 2017 WL 7803796, at *4 ("[C]ourts approving the voluntary dismissal of precertification class actions have not found notice necessary when the class members would not be prejudiced."); *Karcauskas v. Regreso Financial Services LLC*, 2018 WL 6164762, at *2 (C.D. Cal. March 1, 2018) ("Applying the *Diaz* factors to the facts here, it is plain that there is no prejudice to the potential class members and that notice to the class member is not required."); *Ramirez v. Cintas Corp.,* 2009 WL 921629, at *2 (N.D. Cal. Apr. 3, 2009) ("[B]ased on the factors outlined in *Diaz,* it is appropriate to grant the motion and permit Plaintiffs to dismiss their class claims without notice.").

Here, since each of the *Diaz* factors demonstrates that potential class members will not be prejudiced by the Parties' settlement for the reasons set forth above, and because notifying unidentified class members would be inordinately burdensome and costly, the Court should grant the Parties' stipulated joint request to approve dismissal of this action without requiring notice to the putative class.

### V. CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court enter the proposed order and dismiss Plaintiff's individual claims with prejudice, dismiss the putative class claims without prejudice, without requiring notice to absent class members.

DATED: August 15, 2022	WILSHIRE LAW FIRM


By: */S/ BINYAMIN I. MANOUCHERI*
_____

Thiago M. Coelho
Binyamin I. Manoucheri
*Attorneys for Plaintiff and Putative Class*


DATED: August 15, 2022	LITTLER MENDELSON P.C.


BY: */S/ IAN T. WADE* _____

Ian T. Wade
*Attorneys for Defendant*

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYO HAK CHU, individually and on behalf all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>L'OREAL USA S/D, INC., a Delaware corporation; L'OREAL USA, INC., a Delaware Corporation d/b/a ATELIER COLOGNE; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: 3:21-cv-00471-EMC<br><br><u>CLASS ACTION</u><br><br>Hon. Judge Edward M. Chen<br>Courtroom 5 – 17th Floor<br><br>~~[PROPOSED]~~ **ORDER GRANTING STIPULATED REQUEST FOR DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(1)**<br><br>Complaint Filed: January 20, 2021<br>Trial Date:       None Set |

~~[PROPOSED]~~ ORDER

1     IT IS HEREBY ORDERED THAT, the parties Stipulated Request for Dismissal Pursuant to Federal Rule of Civil Procedures 41(a) is Granted and DISMISSES this action with prejudice as to Plaintiff's individual claims and without prejudice as to the putative class claims.

**IT IS SO ORDERED.**

Dated: August 16, 2022      _____
                                        United States District Court Judge